**SOKOLOF REMTULLA**
Daniel I. Singer, Esq. SBN227907
2601 Main Street Suite 1300
Irvine, California 92614
Telephone (949) 449-1574
dsinger@sokrem.com

Attorney for Movant
Headlands Residential Series Owner Trust, Series E

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

In re BAYARMANLAI BAYARSAIKHAN

Bankruptcy Case No.: 8:25-bk-11710-MH

Chapter 13

**MOVANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF RELIE FROM STAY**

Hearing Date
Date: October 9, 2025
Time: 1:30PM
Courtroom: 6C

Headlands Residential Series Owner Trust, Series E (hereinafter referred to as "Movant") hereby files this supplemental brief in support its Motion for Relief From Automatic Stay ("Motion"). In support hereof, Movant states as follows:

A. **Brief Re-Statement of Facts**

Debtor Bayarmanlai Bayarsaikhan ("Debtor") is the obligor on a residential home loan with Movant ("Loan"). The Loan is secured by a first priority deed of trust on the real property owned by the Debtor and located at 8811 Baywood Drive, Huntington Beach, California 92646 ("Property"). The Property is the Debtor's Primary residence.

Shortly after loan origination, Movant discovered that Debtor intentionally manipulated a financial document used in his loan application to show the Debtor had the financial health to support. The material misrepresentation constitutes a covenant breach under the Loan, and Movant accelerated the Loan in full prepetition and commenced non-judicial foreclosure proceedings. (Singer Decl. ¶4 & 5)(Exs. 1 & 2)

Thereafter, Debtor filed his voluntary bankruptcy petition and the automatic stay prevented the foreclosure sale from occurring.

On or about July 15, 202, Movant sought relief from stay to allow the foreclosure sale to go forward, and Debtor opposed.

B.   **Legal Argument – Cause Exists To Lift the Automatic Stay**

Under § 362(d)(l) stay relief may be granted for cause. While cause under § 362(d)(l) includes "the lack of adequate protection of an interest in property," it is not so limited. Because "cause" is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case-by-case basis.

Here, as set forth in greater detail in it's Motion, the Debtor duped Movant's predecessor-in-interest when he mispresented and manipulated certain tax documentation evidencing his financial health and ability to repay the Loan. Debtor manipulated the documentation to cause the originating Lender to believe his net worth and cash reserves were greater than what they were and sufficient enough to support the monthly mortgage obligation. Debtor's actions constituted a covenant breach under the Loan, and Movant accelerated the loan in full pre-petition. To defeat Movant's attempt to recover the ill-gotten loan from Debtor, Debtor filed the instant bankruptcy asking this Court to ignore his pre-petition actions and permit him to "deaccelerate" the loan and start making payments. However, Debtor is unable to reorganize or restructure the Loan debt. Thus, the factors to support a bad faith filing are present and the Court should grant relief from the stay.

C.   **A Reorganization and Restructuring is Not Possible**

Section 1322(b)(2) of the Bankruptcy Code prevents a Chapter 13 debtor from modifying the rights of a creditor whose claim is secured only by real estate that is the debtor's principal residence. Section 1322(b)(5) is an exception, allowing a debtor to cure the default on a home loan during the life of the Chapter 13 plan *so long as the home loan is a long-term loan.* Long-term debt is defined as "any unsecured claim or secured claim on which the last payment is due after the date on which the final

1  payment under the plan is due." *In re Fontaine*, 27 B.R. 614 (9th Cir.App. Panel 1982).

2  "When a debt has been fully matured by its own terms before a Chapter 12 is filed, it is

3  not long term debt within the meaning of 1225(b)(5)." (*In re Dunning,* 77 B.R. 789 (1987).

4      As noted in Movant's motion, it is quite clear, that the instant filed was designed

5  for the sole purpose to frustrate the efforts of Movant to enforce its Loan secured

6  against the subject property.

7      Although Debtor would have this Court believe that the filing wasn't done in bad

8  faith under the guise that he's going to "maintain ongoing mortgage payments, and

9  reorganize my debts…and to complete my plan and retain my home." (Debtor's

10 Declaration, pg. 3, ¶,7).  However, Debtor's wishful thinking won't save his case as he

11 simply cannot ignore the fact that the Loan was accelerated fully pre-petition and

12 reorganization is simply not possible.

13     To the extent that Debtor argues that he's able to "cure" the default

14 reorganization and "ongoing mortgage and plan payments further protect Movant's

15 interest", such an argument is futile in the instant case.  Typically, when a debt is

16 accelerated (i.e. failure to make a monthly mortgage payment), cure results in the

17 reinstatement of the payment terms of the debt.  Here, the Loan was accelerated in full

18 due to a covenant breach.  Thus, Debtor is unable to simply reinstate the Loan as

19 reinstatement is no longer an option.  Rather, Debtor is obligated to pay off the Loan in

20 full, which Debtor undeniably cannot do.

21     In *in re Seidel*, 31 B.R. 262 (1983), the Bankruptcy Court noted that:

> Under the literal terms of subsection (b)(5) the debtor may cure a default and maintain payments only when the last payment due under the agreement is due after the date on which the final payment under the plan is due. Thus where the final payment under the agreement without acceleration, has become due prior to the petition in bankruptcy, the debtor is not permitted to cure a default and *maintain payments.* In such circumstances there are no payments to maintain.

Id. at 264

In light of the above, there is no doubt that cause exists to grant relief from stay as Debtor clearly filed the instant in bad faith and without the right or ability to reorganize or restructure his debts.

**C.    Conclusion**

WHEREFORE, because the grounds for stay relief are clear under section 362(d)(1) of the Bankruptcy Code, Movant requests entry of an order granting the relief requested in the Motion and herein and such other and further relief as is just.

SOKOLOF REMTULLA

Dated this September 4, 2025                By: /s/ Daniel I. Singer_____
                                            Daniel I. Singer, Esq. Attorney for Movant

SOKOLOF REMTULLA  
Daniel I. Singer, Esq. SBN227907  
2601 Main Street Suite 1300  
Irvine, California 92614  
Telephone (949) 449-1574  
dsinger@sokrem.com  

Attorney for Movant  
Headlands Residential Series Owner Trust, Series E  

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BAYARMANLAI BAYARSAIKHAN | Bankruptcy Case No.: 8:25-bk-11710-MH<br><br>Chapter 13<br><br>DECLARATION OF DANIEL I. SINGER IN SUPPORT OF MOVANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF RELIE FROM STAY<br><br>Hearing Date<br>Date:  October 9, 2025<br>Time: 1:30PM<br>Courtroom: 6C |

I, Daniel I. Singer, Esq. declare as follows:

1.I am an attorney in good standing before all courts in the State of California and the Ninth Circuit and I am an attorney with Sokolof Remtulla.  The statements contained herein are based upon my personal knowledge and I could and would competently testify thereto if called as a witness.

2.I file this declaration in support of Movant Headlands Residential Series Owner Trust, Series E ("Movant") Supplemental Brief in Support of Motion for Relief From the Automatic Stay.

3.On or about January 31, 2024, I drafted and placed for mailing to Debtor a notice of intent to accelerate informing him that he violated the terms and conditions of the mortgage loan held by Movant.  The letter was addressed to Debtor's property located 8811 Baywood Drive, Huntington Beach, CA, which is Debtor's last known address.

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

4.     In my letter, I further advised Debtor of Movant's intent to accelerate the Loan fully and requested immediate payment of the entire Loan balance.  A true and correct copy of that letter is attached hereto as Exhibit "1".

5.     When Debtor failed to pay off the Loan in its entirety by the deadline set forth in my Letter, my office, at the direction of Movant, caused a notice of default to be filed, mailed and recorded against the 8811 Baywood Drive, Huntington Beach, California 92646 ("Property").  A copy of the notice of default is attached hereto as Exhibit "2")

5.     The notice of default states, in pertinent part, that the basis for acceleration and default was "that a breach of, and default in, the obligations secured by said Deed of Trust have occurred in that a violation of the acceleration clause as contained in the Deed of Trust occurred…and therefore, the Lender has declared all sums secured thereby forthwith due and payable…"

I declare under penalty of perjury under the laws of the United States of American that the forgoing is true and correct.

Executed on 4th day of September 2025 in Irvine, California.

By:  /s/ Daniel I. Singer_____
Daniel I. Singer

# EXHIBIT 1

Case 8:25-bk-11710-MH    Doc 44    Filed 09/04/25    Entered 09/04/25 11:39:29    Desc
Main Document    Page 7 of 19

**SOKOLOF REMTULLA, PLLC**

2301 Dupont Drive ♦ Suite 505 ♦ Irvine, CA ♦ 92614
Toll Free: 888-522-6214
Fax: 949-420-2177
Dsinger@sokrem.com

January 31, 2024

SENT VIA U.S. AND CERTIFIED MAIL

Bayarmanlai Bayarsaikhan
Khulan Buyanbat
8811 Baywood Drive
Huntington Beach, California 92646

    Re:    NOTICE OF INTENT TO ACCELERATE
           Acct. Number:
           Our Client/Lien Holder:    Headlands Residential Series Owner Trust, Series E
           Original Lender:    Bay Equity, LLC
           Property Address:    8811 Baywood Drive, Huntington Beach, CA 92646

Dear Mr and Mrs. Bayarmanlai Bayarsaikhan and Khulan Buyanbat:

    Please be advised that our office has been engaged by Headlands Residential Series Owner Trust, Series E (hereinafter referred to as "Client") to advise you that a default has occurred under the promissory note and deed of trust ("Loan Agreement") dated July 30, 2021 entered into by you and between Bay Equity, LLC which was subsequently assigned to our client.

    More specifically, in and around August 2021, Bay Equity, LLC funded loan number 2106090115 ("Subject Loan") in the total original amount of one million dollars ($1,000,000.00). The Subject Loan is secured in first priority position against the subject property located at 8811 Baywood Drive, Huntington Beach, CA 92646 ("Subject Property"). Prior to making the loan, you submitted, among other things, a loan application and supporting documentation for the Subject Loan to Bay Equity, LLC.

    After making the Subject Loan, an exhaustive and thorough investigation into the loan application and supporting documentation revealed information that was not true and correct in all material respects and that the Loan Application failed to include true and correct information; the exclusion of which caused the Loan Application to be misleading and materially false. In fact, had the Loan Application and supporting documentations been true and correct in all material respects as required, Bay Equity, LLC would not have funded the Subject Loan.

    As such, you are in breach of Section 8 of the promissory note and security agreement dated July 30, 2021, that states in relevant part, that:

1

**SOKOLOF REMTULLA, PLLC**

2301 Dupont Drive ♦ Suite 505 ♦ Irvine, CA ♦ 92614
Toll Free: 888-522-6214
Fax: 949-420-2177
Dsinger@sokrem.com

*Borrower shall be in default, if during the loan application process, Borrower or any persons or entities acting at the direction of the borrower or with borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan.*

Therefore, under Sections 9 and 22 of the Deed of Trust please allow this written correspondence to serve as formal notice of our client's intent to accelerate the entirety of indebtedness in the amount of $958,379.82. To cure the default, our client is providing you an itemized account summary setting forth each of the following items, to the extent application:

1. Account Status as of January 31, 2024:

    - The total amount needed to cure the breach is $958,379.82. Please note this amount is subject to change.

If the default is not cured on or before **5:00PM PST on March 2, 2024**, our client, at its option, may proceed with non-judicial foreclosure proceedings against the subject real property covered by the Promissory Note and Security Agreement, and more particularly described as 8811 Baywood Drive, Huntington Beach, CA 92644 ("real property"). Again, failure to cure the default may result in the foreclosure and sale of your real property.

You may have the right to cure the default after the acceleration of the mortgage prior to the sale of your property. You may also have the right, in any lawsuit for foreclosure and sale, to argue that you did keep your promises and agreement under the Promissory Note and Deed of Trust and to present any other defenses you may have. You may dispute the validity of this debt, or any portion thereof, by contacting our office or the Noteholder within thirty (30) days after receiving this notice. In that event, we will obtain and mail you written verification of the debt. Otherwise, we will assume that the debt is valid.

Sincerely,

*Daniel J. Singer*

SOKOLOF REMTULLA

**SOKOLOF REMTULLA, PLLC**
2301 Dupont Drive ♦ Suite 505 ♦ Irvine, CA ♦ 92614
Toll Free: 888-522-6214
Fax: 949-420-2177
Dsinger@sokrem.com

NOTICE REQUIRED BY

THE FAIR DEBT COLLECTION PRACTICES ACT

This is an attempt to collect a debt and/or enforce a lien.  Any information obtained will be used for that purpose unless prohibited by applicable law.  However, if this debt has been discharged or if you are protected by the automatic stay in Bankruptcy, we are not attempting to collect the debt from you personally and if we have obtained relief from the automatic stay, we will only exercise our rights against the property itself.  By providing this notice we do not waive any applicable exemptions from state or federal collections laws.

1. The creditor who is named in the attached letter is the creditor to whom the debt is owed.

2. The debt described in the letter attached hereto will be assumed to be valid by the creditor and creditor's law firm, unless the debtors, within thirty (30) days from the date hereof, disputes, in writing, the validity of the debt or some portion thereof.

3. If the debtor notifies the creditor or creditor's law firm in writing within thirty days from the date hereof that the debt or any portion thereof is disputed, the creditor will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor or creditor's law firm.

4. If the creditor in the attached letter is not the original creditor, and if the debtor makes written request to the creditor or creditor's law firm within thirty days from the date hereof, the name and address of the original creditor will be mailed to the debtor by the creditor or creditor's law firm.

5. Written requests should be addressed to Sokolof Remtulla, 2301 Dupont Drive Suite 505, Irvine, California 92614, (888) 522-6214.

6. In some states, we are required to let you know that you have a right to an attorney.  You may also qualify for debt relief under Chapter 7 or Chapter 13 of the United States Bankruptcy Code.  If you qualify for relief under Chapter 13 of the United States Bankruptcy Code, you may be able to protect your residential property from foreclosure.

7.  This letter is in no way intended as a payoff statement.  It merely states the total amount of the debt currently due as of the date of this letter.  If you wish to pay off your debt, please contact Loan Servicing Group. to request a payoff statement.

8.  If you are a Colorado Resident:  For information about the Colorado Fair Debt Collection Practices Act, see WWW.COAG.GOV/CAR.

9.  If applicable, nothing in this correspondence shall be construed as an attempt to garnish wages or stimulus payments received under the CARES ACT or Coronavirus Aid Relief,

3

SOKOLOF REMTULLA, PLLC
2301 Dupont Drive  ♦  Suite 505  ♦  Irvine, CA  ♦  92614
Toll Free:  888-522-6214
Fax:  949-420-2177
Dsinger@sokrem.com

including, but not limited to federal, state or local government financial assistance programs or violate State Moratoriums on Foreclosure and Eviction.

10. Please be advised that the current lender reserves the right to refuse to make additional extensions of credit to you or reduce your credit limit, or can terminate your Account and require you to pay us the entire outstanding balance in one payment.

11. Upon a written request within the thirty-day (30) period, the Firm will provide the consumer with the name and address of the original creditor, if different from the current creditor.  The firm will cease collection efforts until this information is provided.

12.  The Firm will cease any and all collection of the debt, or any disputed portion thereof, until we've verified the debt or a copy of the judgment.

*Your decision to discuss workout options with the creditor is strictly voluntary.  You are not obligated to pursue any workout options discussed with the creditor.  At your request, the creditor will immediately terminate any such discussions should you no longer wish to pursue these options.

Nothing herein shall constitute a communication with a represented party.  The information described in this letter is being provided in response to a request for information under 11 U.S.C. Section 1692 et. seq. only.

<u>Important Notice for Servicemembers and Their Dependents</u>

If you or any occupant of your home are or recently were on active duty or active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA).  This includes, among other things, protection from eviction.  You also may be eligible for benefits and protections under state law or Chase policy.  SCRA and state military benefits and protections also may be available if you are the dependent of an eligible servicemember.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age; because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

Notice of Error or Information Request Address: You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write BSI Financial Services.

**SOKOLOF REMTULLA, PLLC**

2301 Dupont Drive ♦ Suite 505 ♦ Irvine, CA ♦ 92614
Toll Free: 888-522-6214
Fax: 949-420-2177
Dsinger@sokrem.com

NOTICE: Sokolof Remtulla is licensed to practice law only in California, Florida, and Nevada. In the event litigation is required, this matter will be referred to an attorney licensed to practice law in your state or jurisdiction.

With respect to those loans secured by property located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

# EXHIBIT 2

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

```
*$ R 0 0 1 5 1 1 0 2 5 7 $ *      97.00
```
2024000215098  12:05 pm 08/21/24
498 507A N15    5
0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY:
**WFG National Default Services**

WHEN RECORDED MAIL TO:
**Sokolof Remtulla**
**2301 Dupont Drive, Suite 505**
**Irvine, CA 92614**
2445036 CAD

TS No.: ███████

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 153-592-04

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$984,258.57** as of **8/20/2024**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to

TS No.: 2024-00228

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Headlands Residential Series Owner Trust, Series E
C/O Sokolof Remtulla
2301 Dupont Drive, Suite 505
Irvine, CA 92614
Phone: 888-522-6214**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Sokolof Remtulla** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **7/30/2021**, executed by **Bayarmanlai Bayarsaikhan And Khulan Buyanbat, Husband And Wife As Joint Tenants**, as Trustor, to secure certain obligations in favor of **Mortgage Electronic Registration Systems, Inc., as Beneficiary, as nominee for Bay Equity LLC, its successors and assigns**, as beneficiary, recorded 8/2/2021, as Instrument No. **2021000487926**, in Book --, Page --, of Official Records in the Office of the Recorder of **Orange** County, California describing land therein as: As more fully described in said Deed of Trust

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$1,000,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
    **That a breach of, and default in, the obligations secured by said Deed of Trust have occurred in that a violation of the acceleration clause as contained in the Deed of Trust occurred in that during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or the with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan, and therefore, the Lender has declared all sums secured thereby forthwith due and payable plus the foreclosure costs, legal fees or any advances that may become due, and such sums have not been paid.**

    That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**THE BENEFICIARY OR BENEFICIARY'S AUTHORIZED AGENT HAS COMPLIED WITH CALIFORNIA CIVIL CODE SECTION 2923.5 AND/OR 2923.55. SEE ATTACHED DECLARATION HERETO AND MADE A PART HEREOF**

TS No.: **2024-00228**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Dated: 8/20/2024

                        Sokolof Remtulla

BY: _____
              Kassidy O'Neal, Trustee Sale Officer

# Declaration of Mortgage Servicer Pursuant to Civil Code § 2923.55(c) and Civil Code § 2923.5(b)

Borrower(s):          Bayarmanlai Bayarsaikhan and Khulan Buyanbat
Mortgage Servicer:    BSI Financial Services
Property Address:     8811 Baywood Dr
                      Huntington Beach, California 92646
T.S.No.:              2024-00228

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☑ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) and 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) and 2923.5(e) "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4. ☐ The requirements of Cal. Civil Code § 2923.55 and 2923.5 do not apply because the loan is not secured by a first lien mortgage or first deed of trust that secures a loan, or that encumbers real property, described in Civil Code § 2924.15(a).

5. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code Section 2923.55(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." A forbearance was requested by the borrower and denied by the Lender. The denial letter for the requested forbearance is attached.

**Additionally, pursuant to California Civil Code Section 3273.10**

1. ☑ the Mortgage servicer has not denied the borrower a forbearance request on or after 8/31/2020

2. ☐ The mortgage servicer has denied the borrower a forbearance request on or about 8/31/2020, and a forbearance was not subsequently provided. A copy of the denial notice is attached.

Page 1

3. ☐ The Mortgage servicer has denied the borrower a forbearance request on or after 8/31/2020, however, a forbearance was subsequently provided. A copy of the initial denied notice is attached.

4. ☐ The requirements of Cal. Civil Code § 3273.10 do not apply because the mortgage or deed of trust is not secured by residential property containing four dwelling units or less and the borrower was not current on payments as of 2/1/2020.

5. ☐ The mortgage servicer is in compliance with California Code Section 3273.10 because the mortgage servicer has complied with the relevant provisions regarding forbearance in Section 4022 of the Federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act)(Public Law 116-136), including any amendments or revisions to those provisions, pursuant to California Civil Code Section 3272.10(d)

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated:  07/24/2024

By: _____
Chris Brock, Loss Mitigation Specialist

Page 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2301 Dupont Drive Suite 505
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): _____
 Supplemental Brief and Declaration of Daniel I. Singer in Support of Motion for Relief From Stay _____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/04/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  js@sternberglawgroup.com
  ustpregion16.sa.ecf@usdoj.gov
  efile@ch13ac.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/04/2025 | Daniel I. Singer | /s/ Daniel I. Singer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**